## *In re* LETCHWORTH and others.

*(District Court, N. D. New York.* November, 1883.)

BANKRUPTCY—MORTGAGEE PROVING DEFICIENCY AFTER FORECLOSURE—REV. ST.
§ 5057.

Where a mortgage creditor of a bankrupt, after notice to the assignee, asks for and obtains an order of the court allowing him to foreclose his mortgage by proceeding in the state court, the assignee being made a party and the complaint praying that the deficiency arising upon a sale of the mortgaged premises be ascertained and plaintiff permitted to prove the same in bankruptcy, and no objection is made until the creditor files proof of the amount of deficiency in the bankrupt court, his action will be considered a sufficient compliance with section 5075 of the Revised Statutes. *In re Herrick,* 17 N. B. R. 335, distinguished.

In Bankruptcy.

*Charles F. Durston,* for the assignee.

*Richard C. Steel,* for the creditor.

COXE, J.   A mortgage creditor of the above-named bankrupt applied to this court, on the eighteenth day of May, 1875, for permission to foreclose, to make the assignee a party to the foreclosure proceedings, and to prove the deficiency arising on the sale as an unsecured debt against the estate of the bankrupt.   Notice of this application was duly served on the assignee.   The court thereupon made an order permitting the foreclosure of the mortgage and the sale of the mortgaged premises.   An action was thereafter commenced in the supreme court of the state, the assignee being made a party defendant. The complaint prayed, *inter alia,* for a judgment that the deficiency arising upon a sale of the mortgaged premises be ascertained and that the plaintiff be permitted to prove the same in bankruptcy.   Before the foreclosure sale, the mortgagee proved his debt as a secured creditor, the proof stating all the foregoing facts.   After the sale he filed a supplemental proof reciting the additional fact that there was a deficiency, amounting at the date of the bankruptcy to $789.28. The assignee asked for a re-examination of the proof, and the question arising upon his petition, and the answer of the creditor was, upon conceded facts, certified into court by the register.

The question is—Were the creditor's proceedings so irregular as to preclude him from proving his debt for the deficiency?   Section 5075 of the Revised Statutes provides:

"When a creditor has a mortgage of real or personal property of the bankrupt, or a lien thereon for securing the payment of a debt owing to him from the bankrupt, he shall be admitted as a creditor only for the balance of the debt, after deducting the value of such property to be ascertained by agreement between him and the assignee, or by sale thereof, to be made in such manner as the court shall direct," etc.

It is insisted by the assignee that the creditor has forfeited the right to prove his debt for the alleged reason that the deficiency was not ascertained by a sale made pursuant to the directions of the dis-

trict court. The *Case of Herrick,* 17 N. B. R. 335, is cited as sustaining this view. There is, however, a marked distinction between the two cases. In the case at bar the assignee was, at the earliest moment, informed that the creditor intended to prove his debt for the deficiency. The court, with the petition before it giving this notice, made an order allowing the suit to proceed in the state court, with the assignee as a party, and permitting the sale of the mortgaged property "on such foreclosure." In the original and supplemental proofs the same intention to prove the debt was expressed. With this timely information the assignee appears to have made no objection until after the second proof was filed. He was, apparently, entirely satisfied with the creditor's proceedings to ascertain the deficiency, and made no suggestion that it should be determined in any different manner. In the *Herrick Case,* on the contrary, the court says:

"It was not contemplated by the creditor, the assignee, or the court, that the action to foreclose was to be instituted for the purpose of a valuation of the security. * * * Doubtless, after an assignee has been appointed, this court could direct that the value of the creditor's security be ascertained by a sale under a decree of foreclosure; but the ordinary order granting leave to bring suit to foreclose cannot be so construed."

It can hardly be said in view of all the facts that the order here was "the ordinary order." The sale was, within the fair meaning of the section referred to, *made in the manner the court directed.* It would be unjust to permit the assignee, in such circumstances, to interpose objections for the first time after he has, by allowing the creditor to proceed to the end without a suggestion of dissent, left him entirely remediless. If the creditor had had the least intimation that the present contention was to be urged, he would quite likely have applied to the court for more specific directions regarding the sale. Hearing no objection he relied upon the sufficiency of the order.

My opinion is that the claim is valid and that the proof should remain on file.